IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAVIS GORDON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:21CV29 |
| | ) | |
| EARL L. PHILLIP, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

This action arises out of an alleged securities transaction, whereby Plaintiffs purchased stock in entities formed by Defendants to market "Leafy Gram," a social media and communication application for cannabis users. (ECF No. 5 ¶ 21.) Before the Court is a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Andreu Phillip. (ECF No. 6 at 1). Defendant is a licensed attorney, but is proceeding pro se.

Rule 83 of the Federal Rules of Civil Procedure provides that "a district court . . . may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). Such rules "have the force and effect of law and are binding upon the parties and the court which promulgated them." *Jackson v. Beard*, 828 F.2d 1077, 1048 (4th Cir. 1987) (internal quotation marks omitted). This Court, the United States District Court for the Middle District of North Carolina, has promulgated such rules which are featured prominently on its website: https://www.ncmd.uscourts.gov/local-rules-and-orders. LR 7.3 provides that "[e]ach motion

1

shall be set out in a separate pleading" and "[a]ll motions . . . shall be accompanied by a brief." LR 7.3(a).

While a motion or pleading filed by a defendant appearing pro se "is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted); such Defendant is not free to violate the Federal Rules of Civil Procedure or this Court's Local Rules.

Here, Defendant's motion suffers from a number of Rules' violations and other defects:

- The motion was included in the same document as Defendant's Answer. *See* LR 7.3(a).

- The three-line motion was submitted without any explanation or an accompanying brief. *See id.*

- The motion was signed electronically, despite the fact that Defendant has not been approved by the Court as an e-filer. *See* Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney: may file electronically only if allowed by court order or by local rule."); LR 5.3(c)(2) ("Upon the approval of the assigned Judge, a party to a case who is not represented by an attorney may register as a CM/ECF Filing User in the CM/ECF System. . . .").

For these reasons, the motion will be dismissed. Because Defendant is proceeding pro se, the motion will be dismissed without prejudice and Defendant will be allowed to resubmit his motion. Defendant is now on notice: a motion unaccompanied by a required brief "may, in the discretion of the Court, be summarily denied." LR 7.3(k).

Plaintiffs have also suggested that Defendant has filed other motions and pleadings on behalf of his codefendants. (*See* ECF No. 36 at 10.) They point to the fact that five pro se defendants in this case have submitted nearly identical pleadings, that four were electronically

2

signed, and that many appear to have been mailed to the Court by Defendant Andreu Phillip's law firm.[1] (*See* ECF Nos. 6; 6-1; 9; 25; 25-1; 26; 26-1; 37; 37-1.) Most concerning is Plaintiffs' suggestion that Defendant falsely backdated one of these prepared pleadings on behalf of Jarvis Addison, a codefendant in this case. (*See* ECF No. 33 at 2–3.) An Answer and Motion to Dismiss was filed with the Court on March 26 on behalf of Jarvis Addison, who had previously been defaulted. (ECF Nos. 19, 25.) That document was dated and purportedly served on March 15, one day before Plaintiffs moved for entry of default on March 16. (ECF Nos. 17; 25 at 5–6.) Plaintiffs claim never to have received the March 15 pleading. (ECF No. 33 ¶ 6.)

Defendant Andreu Phillip is proceeding pro se and has not appeared before the Court as counsel for any codefendant. (*See* ECF No. 6.) He is not permitted to sign pleadings, motions, and other papers, or to appear before the court on behalf of any codefendant. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); LR 11.1(a) ("Any individual who is representing himself or herself without an attorney (*pro se*) must appear personally when required and may not delegate that duty to any other individual, including husband or wife, or any other *pro se* party."). No party may misrepresent to the Court the date on which a paper was served. *See* Fed. R. Civ. P. 11(b)(4) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or

---

[1] Additionally, Andreu Phillip's pleading lists "Earl L. Phillip," rather than Andreu Phillip, beneath Andreu Phillip's electronic signature on his Certificate of Service. It is unclear whether this is a typographical error or evidence that Andreu Phillip prepared pleadings for his codefendants and then confused which name belonged with which filing.

3

unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). If the Court is made aware that Defendant has and continues to violate these Rules, he may be subject to sanctions. Fed. R. Civ. P. 11(c); LR 83.4(a).

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that the Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed by Andreu Phillip, (ECF No. 6), is DENIED without prejudice.

This, the 31st day of August 2021.

/s/ Loretta C. Biggs
United States District Judge