IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRAVIS GORDON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:21CV29 |
| ) | |
| EARL L. PHILLIP, *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

This action arises out of an alleged securities transaction, whereby Plaintiffs purchased stock in entities formed by Defendants to market "Leafy Gram," a social media and communication application for cannabis users. (ECF No. 5 ¶ 21.) Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction, and Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), filed by Defendant Lester Phillip. (ECF No. 37 at 1). Defendant is proceeding pro se.

Rule 83 of the Federal Rules of Civil Procedure provides that "a district court . . . may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). Such rules "have the force and effect of law and are binding upon the parties and the court which promulgated them." *Jackson v. Beard*, 828 F.2d 1077, 1048 (4th Cir. 1987) (internal quotation marks omitted). This Court, the United States District Court for the Middle District of North Carolina, has promulgated such rules which are featured prominently on its website: https://www.ncmd.uscourts.gov/local-rules-and-orders. LR 7.3 provides that "[e]ach motion

1

shall be set out in a separate pleading" and "[a]ll motions . . . shall be accompanied by a brief." LR 7.3(a). While a motion or pleading filed by a defendant appearing pro se "is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers", *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted); a Defendant is not free to violate the Federal Rules of Civil Procedure or this Court's Local Rules.

Defendant's motion suffers from certain Rules violations and other defects:

- The motion was included in the same document as Defendant's Answer. *See* LR 7.3(a) ("Each motion shall be set out in a separate pleading.").

- The three-line motion was submitted without any explanation or an accompanying brief. *See id.* ("All motions . . . shall be accompanied by a brief. . . .").

For these reasons, the motion will be dismissed. Because Defendant is proceeding pro se, the motion will be dismissed without prejudice and Defendant will be allowed to resubmit his motion. Defendant is now on notice: a motion unaccompanied by a required brief "may, in the discretion of the Court, be summarily denied." LR 7.3(k).

Plaintiffs have also suggested that a number of Defendants have improperly delegated their duties to sign and serve to his codefendant, Andreu Phillip, who is an attorney. (*See* ECF No. 36 at 10.) Defendant Andreu Phillip is also proceeding pro se and has not appeared before the Court as Defendant Lester Phillip's counsel. (*See* ECF No. 6.) Lester Phillip is not permitted to delegate his duty to sign his pleadings, motions, and other papers, or his duty to appear before the court to any codefendant. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); LR 11.1(a) ("Any individual who is representing himself or herself without an attorney (*pro se*) must appear personally when required and may not delegate that duty to

2

any other individual, including husband or wife, or any other *pro se* party."). If Defendant decides to resubmit this or any other motion, he must do so himself or through an attorney that has appeared before the Court on Defendant's behalf.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Dismiss for Lack of Personal Jurisdiction, and Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), (ECF No. 37), is DENIED without prejudice.

This, the 1st day of September 2021.

/s/Loretta C. Biggs
United States District Judge