IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAVIS GORDON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:21CV29 |
| | ) | |
| EARL L. PHILLIP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

This action arises out of an alleged securities transaction, whereby Plaintiffs purchased stock in entities formed by Defendants to market "Leafy Gram," a social media and communication application for cannabis users. (ECF No. 5 ¶ 21.) Before the Court is a Motion to Dismiss Plaintiffs' Complaint and Claim for Relief for Lack of Personal Jurisdiction and Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), filed by Defendant Jarvis Addison, (ECF No. 25); and a Motion to Strike the Answer and Motion to Dismiss of Defendant Jarvis Addison pursuant to Fed. R. Civ. P. 12(f), filed by Plaintiffs, (ECF No. 33). For the reasons that follow, Plaintiffs' Motion to Strike is stayed pending further Order of the Court and Defendant's Motion to Dismiss is denied without prejudice.

## DISCUSSION

### I. Plaintiffs' Motion to Strike

A motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is "strictly construed" and "generally viewed with disfavor." *Shepard v. Lowe's Food Stores, Inc.*, No. 1:08CV679, 2009 WL 4738203, at *4 (M.D.N.C. Dec. 7, 2009) (citing *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). A motion to strike may be directed only towards material contained in a "pleading." Fed. R. Civ. P. 12(f). A pleading is defined as "a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross claim, an answer to a third-party complaint, or a court-ordered reply to an answer." Fed. R. Civ. P. 7(a). A motion to dismiss is not a pleading and may not be the target of a 12(f) motion to strike. *Shepard*, 2009 WL 4738203, at *4; *see also Thomas v. BET Sound–Stage Rest./Brettco, Inc.*, 61 F. Supp. 2d 448, 458 (D. Md. 1999) ("As motions to dismiss are not pleadings, Plaintiffs' motions to strike are inappropriate."). An answer is a pleading, however, and an untimely answer may be stricken in full. *See, e.g., J&J Sports Prods., Inc. v. Lawson*, No. 3:17-CV-02939-JMC, 2019 WL 1754744, at *3 (D.S.C. Apr. 19, 2019).

Here, Plaintiffs have moved to strike Defendant's Answer and Motion to Dismiss. While the pleading and motion were set out in a single document, Plaintiffs' Motion to Strike can only operate against Defendant's Answer, since his Motion to Dismiss is not a pleading. The Court will therefore address Defendant's Answer and his Motion to Dismiss separately.

The Court will first address Defendant's Answer. A defendant must serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). When a defendant "has failed to plead or otherwise defend, and that failure is

shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon a motion, a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When setting aside an entry of default, courts consider "[1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Here, Plaintiffs' Complaint was served on Defendant on February 8, 2021, and therefore, Defendant's Answer was due on March 1, 2021. (ECF No. 13.) Defendant failed to submit a timely Answer and was defaulted by the Clerk on March 16, 2021. (ECF No. 19.) Defendant failed to seek relief from the Entry of Default before filing his Answer on March 26, 2021.[1] (ECF No. 25.) Thus, Defendant's Answer was untimely filed. Defendant will be allowed 10 days to file a Motion seeking relief from the Clerk's Entry of Default. Defendant's failure to do so will result in his Answer being stricken as requested by Plaintiff. Such Motion shall be accompanied by the required Brief which shall address each of the factors outlined above when seeking to set aside an Entry of Default. *See* LR 7.3(a).

---

[1] Defendant's Answer and Motion to Dismiss was dated March 15, 2021, and Defendant purports to have served Plaintiffs with the pleading and motion on that day by registered mail. (*Id.* at 5–6.) Plaintiffs deny ever receiving that mailing and suggest it was fraudulently backdated to appear as though it was served before Defendant defaulted. (ECF No. 33 ¶ 6, 11.a.) Regardless, Defendant's answer was due on March 1, 2021. Thus, even if Defendant did serve Plaintiff with his Answer on March 15, his Answer was untimely.

## II. Defendant's Motion to Dismiss

Defendant's Motion to Dismiss suffers from a number of defects. Rule 83 of the Federal Rules of Civil Procedure provides that "a district court . . . may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). Such rules "have the force and effect of law and are binding upon the parties and the court which promulgated them." *Jackson v. Beard*, 828 F.2d 1077, 1048 (4th Cir. 1987) (internal quotation marks omitted). This Court, the United States District Court for the Middle District of North Carolina, has promulgated such rules which are featured prominently on its website: https://www.ncmd.uscourts.gov/local-rules-and-orders. LR 7.3 provides that "[e]ach motion shall be set out in a separate pleading" and "[a]ll motions . . . shall be accompanied by a brief." LR 7.3(a). A motion unaccompanied by a required brief "may, in the discretion of the Court, be summarily denied." LR 7.3(k).

While a motion or pleading filed by a defendant appearing pro se "is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted); such Defendant is not free to violate the Federal Rules of Civil Procedure or this Court's Local Rules.

Defendant's motion suffers from the following Rule's violations and other defects:

- The filing contained a motion and pleading in a single document. *See* LR 7.3(a).

- The three-line motion was submitted without any explanation or an accompanying brief. *See id.*

- The motion was signed electronically, despite the fact that Defendant has not been approved by the Court as an e-filer. *See* Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney: may file electronically only if allowed by court order or by local rule."); LR 5.3(c)(2) ("Upon the approval of the assigned Judge, a party to a case who is not represented by an attorney may register as a CM/ECF Filing User in the

4

CM/ECF System. . . ."). Plaintiffs' counsel notified Defendant that the pleading filed with the Court lacked a wet signature as required by the Local Rules. (ECF No. 33-2.) Defendant mailed a copy of the pleading with a wet signature to Plaintiffs on April 6, 2021. (ECF No. 33-4.) This signed pleading has not been filed with the Court.

For these reasons, the motion is denied. Because Defendant is proceeding pro se, the motion will be denied without prejudice and Defendant will be allowed to resubmit his motion. Defendant is now on notice: a motion unaccompanied by a required brief "may, in the discretion of the Court, be summarily denied." LR 7.3(k).

For the reasons stated herein, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Strike the Answer and Motion to Dismiss related to Defendant Jarvis Addison, pursuant to Fed. R. Civ. P. 12(f), (ECF No. 33), is STAYED pending further Order of the Court;

IT IS FURTHER ORDERED that Defendant Jarvis Addison shall file within 10 days of this Order a Motion seeking relief from the Clerk's Entry of Default. A required Brief shall be filed with the Motion. The Brief shall also address why Defendant's Answer should not be stricken as untimely. Failure to file this Motion and Brief within the required time will result in Defendant's Answer being stricken summarily;

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Jarvis Addison, (ECF No. 25), is DENIED without prejudice.

This, the 2nd day of September 2021.

/s/ Loretta C. Biggs
United States District Judge