IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAVIS GORDON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:21CV29 |
| | ) | |
| EARL L. PHILLIP, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court are and Plaintiffs' Motion to Strike Defendant's Answer, (ECF No. 33), and Defendant Jarvis Addison's Motion Seeking Relief From Clerk's Entry of Default, (ECF No. 46).

As background, Plaintiffs filed this action on January 11, 2021, (ECF No. 1), and filed an Amended Complaint on January 14, 2021, (ECF No. 4). Plaintiffs allege Defendants sold them unregistered securities in entities formed by Defendants in violation of state and federal securities laws. (*Id.* ¶¶ 66–82.) Defendant Jarvis Addison, who at the time was proceeding pro se, failed to submit a timely Answer and was defaulted by the Clerk on March 16, 2021. (ECF No. 19.) Defendant then filed an Answer without first seeking relief from default. (ECF No. 25.) Plaintiffs moved to strike Defendant's Answer as untimely. (ECF No. 33.) In an Order issued September 2, 2021, this Court found that Defendant's Answer was indeed untimely. (ECF No. 44 at 3.) However, in the interest of resolving cases on their merits, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993), and cognizant that pro se

1

litigants' pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted), this Court stayed Plaintiffs' Motion to Strike and ordered Defendant to file a Motion seeking relief from the Clerk's Entry of Default within 10 days, (ECF No. 44 at 3). Further, the Court found that Defendant's failure to comply with its Order would "result in his Answer being stricken as requested by Plaintiff." (*Id.*) Defendant has since retained counsel.[1] (ECF No. 45.) On September 11, 2021, Defendant filed a Motion Seeking Relief from Clerk's Entry of Default. (ECF No. 46.)

For the reasons that follow, Defendant's motion will be denied and Plaintiffs' motion will be granted.

## I. DEFENDANT'S MOTION TO SET ASIDE DEFAULT (ECF NO. 46)

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The disposition of motions made under Rule 55(c) . . . is a matter which lies largely within the discretion of the trial judge." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (internal quotations omitted). "Generally, a default should be set aside where the

---

[1] Defendant Andreu Phillip filed an Appearance of Counsel on September 11, 2021, notifying the Court that he appears in this case as counsel for himself and his seven co-defendants. (ECF No. 45.) In an Order issued simultaneously with this Order, the Court granted Plaintiffs' motion to disqualify Phillip as counsel for his co-defendants because Phillip's status as attorney, co-defendant, and witness create a conflict and pose a risk of jury confusion. However, there is no evidence that a conflict has affected the present motion, and the Court finds in the interest of judicial economy and the interests of the parties that it can resolve the present motion notwithstanding its Order disqualifying Phillip as Addison's attorney going forward. *See, e.g.*, *George v. McClure*, 266 F. Supp. 2d 413, 419 (M.D.N.C. 2001) (ruling first on defendant's 12(b)(6) motion to dismiss before determining "if Defendant's counsel should be disqualified").

moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). The Fourth Circuit has instructed district courts to look to six factors when assessing a motion for relief from entry of default under Rule 55(c), including (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05.

This Court set these six factors out in full in its September 2, 2021, Order and ordered Defendant to accompany his motion to set aside default with "the required Brief which shall address each of the factors." (ECF No. 44 at 3.) In Defendant's three-page memo accompanying the motion before the Court, which was prepared by counsel, he addressed only two factors: reasonable promptness and personal responsibility. (ECF No. 46-1 at 2–3.) Plaintiffs notified Defendant of this failure and discussed the six factors at length in their response brief. (ECF No. 49 at 7–16.) Defendant, however, failed to file any reply.

The Court finds that, on balance, the six factors weigh against setting aside default in this case. Regarding the first factor, the party seeking relief from default must provide the court "with a satisfactory explanation of the merits of the defense." *Consol. Masonry*, 383 F.2d at 252. "[T]he meritorious defense factor of Rule 55(c)'s 'good cause' analysis is fundamental to the determination because the absence of meritorious defenses makes relief from default pointless." *Parks v. Disc. Box & Pallet, Inc.*, No. 5:12CV081, 2013 WL 662951, at *5 (W.D. Va. Feb. 22, 2013). "Where no meritorious defense exists, it makes little sense to set aside the

3

entry of default, as doing so would merely delay the inevitable." *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010).

Here, Defendant has offered no allegation of a meritorious defense. His one-page motion and three-page accompanying memorandum are dedicated exclusively to explaining his delay. (ECF Nos. 46; 46-1.) Nor has Defendant set out any allegation of a meritorious defense in any other filing. His one-sentence Motion to Dismiss, which was filed without an accompanying memorandum and denied without prejudice for procedural failures, does not identify any grounds for why Plaintiffs will be unable to recover. (ECF No. 25 at 1.) And his Answer merely denies all but a few paragraphs of Plaintiffs' Amended Complaint "due to lack of information and belief" and does not allege any affirmative defenses or counterclaims. (*Id.* ¶¶ 14, 18–82.) After Plaintiffs identified this deficiency in their response to the present motion, Defendant had an opportunity to set out a meritorious defense in a reply but failed to file one. Thus, this first factor weighs heavily against Defendant.

Regarding the second factor, Defendant's memorandum attempts to show that he acted with reasonable promptness. He argues that he "made diligent efforts to obtain counsel prior to the expiration of the time allotted to file his Answer" but "was unsuccessful due to the nature of the lawsuit." (ECF No. 46-1 at 1–2.) Representing himself pro se, he decided not to mail his Answer because he had previously "used the United States Postal Service to mail items that were received only after an extended delay." (*Id.* at 2–3.) Instead, he traveled to North Carolina and gave his Answer to his co-defendant, Andreu Phillip—who at the time did not represent him—in the hope that Phillip would serve the Answer on Defendant's

4

behalf. (*Id.* at 3.) He argues that Phillip failed to timely do so due to some undefined "unforeseen event." (*Id.*)

Each of these excuses was set forth as argument in Defendant's memorandum and are not supported by affidavit or any other evidence. They stand in contrast to Defendant's Answer, in which he certified that "a copy of the foregoing document . . . was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope" on March 15, 2021. (ECF No. 25 at 6.) It does appear that Phillip mailed Defendant's Answer to Plaintiffs on March 25, 2021, from his law firm address. (ECF No. 25-1.)

The Court has no reason to dispute that Addison diligently sought out counsel and will not penalize Addison for proceeding pro se. It does not appear, however, that his delay was caused by his inability to find counsel. Instead, it appears that his delay was due to his fear that the U.S. Postal Service would not promptly deliver his Answer. But where a pleading is served by mail, service is complete upon mailing, not delivery. Fed. R. Civ. P. 5(b)(2)(C). Defendant was aware of this rule since he certified on March 15, 2021, that he served his Answer "by depositing a copy of the same in an official depository of the United States mail." (ECF No. 25 at 6.) Thus, Addison's fear that the U.S. Postal Service would not timely deliver his Answer was unwarranted. Moreover, Phillip did eventually mail the Answer through the U.S. Postal Service, (ECF No. 25-1), further discrediting Defendant's justification for his delay. Finally, Defendant's decision to leave his Answer with Phillip—who at the time was not his attorney—was also not reasonable given the risk that Phillip would fail to timely serve the Answer.

5

Regarding the third factor, Defendant attempts to shift personal responsibility for the delay to Phillip. Phillip was not Defendant's attorney at that time, however, and Defendant therefore bears responsibility for choosing to leave his Answer with Phillip rather than serve it on Plaintiffs.

Regarding the fourth factor, Plaintiffs likely would not be substantially prejudiced by granting Defendant relief from default at this early stage in the litigation, since discovery has not begun and Plaintiffs' claims against Defendant are similar to claims they have alleged against other Defendants not in default. However, Plaintiffs may be prejudiced if required to litigate frivolous defenses. Similarly, maintenance of default will not prejudice Defendant if he has no meritorious defenses which default will prevent him from raising. Since Defendant has made no allegation of a meritorious defense, this factor does not clearly weigh for either party.

Regarding the fifth factor, Defendant has a mixed history of dilatory conduct in this case. His initial Answer was served 24 days late and filed without first seeking relief from default. He did not file a supporting memorandum or respond to Plaintiffs' motion to strike his Answer. Once he obtained counsel, he did file the present motion and accompanying memorandum within the 10 days prescribed by the Court. However, he did not file a reply brief supporting his motion, nor did he respond to a subsequent motion filed by Plaintiff to disqualify Phillip as his counsel. (ECF No. 50.) This factor also does not clearly weigh for either party.

Regarding the sixth factor, Addison has failed to identify less drastic sanctions that would be appropriate. Plaintiffs argues in the alternative that the Court should award

6

attorneys' fees related to this motion and litigation of frivolous defenses. (ECF No. 49 at 16.) Given the nature of this suit, Defendant's conduct so far in this litigation, and his failure to demonstrate good cause under the preceding factors, the Court finds that alternative appropriate sanctions are not adequate.

Defendant's motion to set aside default will be denied.

## II. PLAINTIFF'S MOTION TO STRIKE (ECF NO. 33)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or upon a proper motion. Fed. R. Civ. P. 12(f). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Buser v. S. Food Serv., Inc.*, 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). "[T]he decision of whether to strike all or part of a pleading rests within the sound discretion of the [c]ourt." *J&J Sports Prods., Inc. v. Lawson*, No. 3:17-CV-02939-JMC, 2019 WL 1754744, at *2 (D.S.C. Apr. 19, 2019) (quoting *Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012)). While "Rule 12(f) motions are generally viewed with disfavor," *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001), "[i]n harmony with Rule 12(f), federal district courts have 'inherent power' to impose sanctions—say, striking an untimely answer—for violations of Rule 12(a)," *Lawson*, 2019 WL 1754744, *2 (quoting *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987)); *see Kihn v. Vavala*, No. 8:18-CV-02619-PX, 2019 WL 2492350, at *3 (D. Md. June 14, 2019) (granting a motion to strike an answer that lacked a certificate of service).

7

Here, Defendant Addison is in default, and he has failed to show good cause for the default to be set aside. His untimely Answer is therefore improper and must be stricken. Plaintiffs' motion will be granted.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike the Answer and Motion to Dismiss of Defendant Jarvis Addison pursuant to Fed. R. Civ. P. 12(f), (ECF No. 33), is **GRANTED**. Defendant Jarvis Addison's Answer, (ECF No. 25), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Defendant Addison's Motion Seeking Relief from Clerk's Entry of Default, (ECF No. 46), is **DENIED**.

This, the 31st day of March 2022.

/s/ Loretta C. Biggs
United States District Judge