IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAVIS GORDON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:21CV29 |
| | ) | |
| EARL L. PHILLIP, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion to Disqualify Counsel filed by Plaintiffs. (ECF No. 50.) Plaintiffs filed this suit on January 11, 2021, (ECF No. 1), and filed an Amended Complaint ("Complaint") on January 14, 2021, (ECF No. 4). The Complaint alleges that nine Defendants sold Plaintiffs unregistered securities in violation of state and federal law. (*Id.* ¶¶ 66–82.) September 11, 2021, Defendant Andreu Phillip filed an Appearance of Counsel notifying the Court that he appears in this case as counsel for himself and his eight co-defendants. (ECF No. 45.) He since has filed Answers and motions on behalf of various co-defendants. (ECF Nos. 46; 53; 54; 57; 58.) Plaintiffs filed the present motion to disqualify him as counsel for his co-defendants on September 17, 2021. (ECF No. 50.) They argue that Andreu Phillip's status as a co-defendant and witness bar him from additionally appearing as counsel under the North

1

Carolina's Rules of Professional Conduct. (ECF No. 51 at 8–16.) Defendants failed to oppose Plaintiffs' motion.[1] For the reasons that follow, Plaintiffs' motion will be granted.

## I.    LEGAL STANDARD

"A motion to disqualify counsel is a matter subject to the court's general supervisory authority to ensure fairness to all who bring their case to the judiciary for resolution." *In re Legacy Dev. SC Grp., LLC*, 517 B.R. 604, 606 (Bankr. D.S.C. 2014) (quoting *Clinton Mills, Inc. v. Alexander & Alexander, Inc.*, 687 F. Supp. 226, 228 (D.S.C. 1988)); *see Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975). The decision whether to grant a party's motion to disqualify counsel is a matter within the district court's discretion, *United States v. Urutyan*, 564 F.3d 679, 686 (4th Cir. 2009), and must be decided on a "case-by-case basis" by balancing "(1) the right of a party to retain counsel of his choice" and "(2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system," *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 514, 517 (M.D.N.C. 1996) (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)); *see Stratagene v. Invitrogen Corp.*, 225 F. Supp. 2d 608, 610 (D. Md. 2002).

Disqualification must be "predicated upon a proper application of applicable ethical principles," such as state rules of professional conduct. *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145 (4th Cir. 1992). Courts must avoid "a mechanical and didactic application" of such rules,

---

[1] "The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. . . . If a respondent failed to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k).

Case 1:21-cv-00029-LCB-LPA   Document 61   Filed 03/31/22   Page 2 of 6

however. *Aetna Cas. & Sur. Co. v. United States*, 570 F.2d 1197, 1202 (4th Cir. 1978) (quoting *Int'l Elecs. Corp. v. Flanzer*, 527 F.2d 1288, 1293 (2d Cir. 1975)). Disqualification is a "drastic step," *Shaffer*, 966 F.2d at 146, and should be allowed "only where the conflict is such as [to] clearly call in question the fair and efficient administration of justice," *Penn. Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 819 F. Supp. 2d 449, 453 (D. Md. 2011). The movant "bears a high standard of proof to show that disqualification is warranted." *Legacy Dev.*, 517 B.R. at 606 (quoting *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995)). "Finally, the court must be 'ever mindful of the opposing possibility of misuse of disqualification motions for strategic reasons.'" *Plant Genetic Sys.*, 933 F. Supp. at 517 (quoting *Buckley*, 908 F. Supp. at 307).

## II. DISCUSSION

Plaintiffs argue that Andreu Phillip should be disqualified because: (1) his status as a co-defendant is a conflict of interest in violation of Rule 1.7 of the North Carolina Rules of Professional Conduct; and (2) his role as a witness precludes him from acting as trial counsel under Rule 3.7 of the same. (ECF No. 51 at 8–16.)

In North Carolina, a concurrent conflict of interest exists where "(1) the representation of one client will be directly adverse to another client; or (2) the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer." N.C. R. Prof. Conduct 1.7(a). A lawyer may not represent a client if doing so would create a concurrent conflict of interest unless:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

N. C. R. Prof. Conduct 1.7(b). "The critical questions" to consider in evaluating whether a conflict will arise "are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." N. C. R. Prof. Conduct 1.7 cmt. 8.

In *Sanford v. Virginia*, 687 F. Supp. 2d 591 (E.D. Va. 2009), the U.S. District Court for the Eastern District of Virginia found a conflict where counsel attempted to represent multiple defendants and present a unified defense to liability. *Id.* at 603. The court found that alternative theories of liability and conflicting facts suggested the possibility of individual defenses that had not been raised, including defenses that shifted blame from one defendant to another more culpable one. *Id.* Further, counsel's litigation strategy appeared to favor "the interests of one defendant while presenting the prospect of real harm to others." *Id.* For example, it was in the interest of some defendants to argue that they were following the instruction of a co-defendant, making their conduct more reasonable while making the co-defendant appear less reasonable. *Id.*

The same is true in this case. Here, Plaintiffs allege different theories of liability against different defendants. They allege that some defendants "participated in the solicitation discussions relating to the offer and sale of the Securities and are directly liable" pursuant to 15 U.S.C. §§ 77e(a), 77l(a)(1), and N.C. Gen. Stat. § 78A-56(a), while others "are liable as

4

controlling persons who are liable for the conduct of the other Defendants within the meaning of 15 U.S.C. § 77o" and N.C. Gen. Stat. § 78A-56(c). (*Id.* ¶¶ 70, 73, 79, 81.) They also allege greater involvement by some Defendants, such as Earl Phillip, Andreu's father, who allegedly was Plaintiff Gordon's primary point of contact regarding the investments at the heart of this suit and is allegedly separately liable under 15 U.S.C. §§ 77e(b). (*Id.* ¶ 69.) These theories of liability and levels of culpability will require different defenses that will, at a minimum, compete for Andreu Phillip's time and resources in litigation and at trial and could benefit some Defendants at the expense of others. The conflict is even more apparent in this case, since Andreu Phillip and his family are among the Defendants facing liability.

This conflict is exacerbated by the fact that Andreu Phillip is also a witness. Rule 3.7 of the North Carolina Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" except where his testimony relates to an uncontested issue, his testimony relates to the nature and value of legal services rendered, or disqualification would work a substantial hardship on the client. N.C. R. Prof. Conduct 3.7. A witness is "necessary" when his testimony is "relevant, material, and unobtainable by other means." *State v. Smith*, 749 S.E.2d 507, 510 (N.C. Ct. App. 2013) (quoting *State v. Rogers*, 725 S.E.2d 342, 348 (N.C. Ct. App. 2012)). Here, Andreu Phillip is "likely [to] be a material witness regarding the issues at the heart of this action given the allegations of his participation" in the alleged scheme. *See George v. McClure*, 266 F. Supp. 2d 413, 419 (M.D.N.C. 2001). His testimony will not be limited to uncontested issues or the value of his legal services, and at this early stage in the litigation, disqualification will not be prejudicial to Defendants. Moreover, Andreu Phillip's role as a witness adds a layer to the

5

concurrent conflict considered above, since his testimony as a witness could differ from a co-defendant's or be adverse to their interests.

Defendants have offered no rebuttal to Plaintiffs' arguments. There is no evidence before the Court that any Defendant has consented to a concurrent conflict. Even if they did consent, no reasonable attorney would believe he could competently represent himself, his father, his uncle, and four other co-Defendants when their interests require presentation of diverging, possibly opposing defenses and theories of the case while also serving as a witness. At this early stage, discovery has not yet commenced, and very little litigation has occurred. (*See* ECF No. 52 at 1.) The risk to the public perception of and trust in the judicial system therefore outweighs the reduced hardship which might result from disqualification. Plaintiffs' motion will therefore be granted, and Andreu Phillip will be disqualified as counsel for his co-defendants.

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify Counsel, (ECF No. 50), is **GRANTED**. Andreu Phillip is disqualified as counsel for Defendants Jarvis Addison; Lawrence Harris, III; New Innovation Group Consultants, LLC; Edgardo Ojeda; Earl L. Phillip; Lester Phillip; Victor A. Suarez Melendez; and Rodolfo (Rudy) Vazquez Zayas. This, the 31st day of March 2022.

/s/ Loretta C. Biggs
United States District Judge

6